IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIAM N. CASTILLO,

    Plaintiff,

v.

OFFICER TOLMAGE, et al.,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-55

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. The Court has conducted the requisite frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. For the reasons which follow, Plaintiff's allegations arguably state colorable claims for relief against Defendants Tolmage, McMilliam, Brown, Faes, Hester, Allen, Mobley, and Fugitt for deliberate indifference to medical needs. The Court **DIRECTS** the United States Marshal to serve these Defendants with a copy of Plaintiff's Amended Complaint, (doc. 12), and this Order. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities, **DISMISS** Plaintiff's deliberate indifference claims against Defendants Hutcheson, Harvey, Howard, Rock, and Moe, and **DISMISS** Plaintiff's retaliation and equal protection claims.

# BACKGROUND[1]

In his Amended Complaint, Plaintiff asserts that on December 26, 2016, he notified Defendant Tolmage of his "mental health problem" and a "cut on his right arm." (Doc. 12, p. 2.) Defendant Tolmage allegedly ignored Plaintiff. Later that day, Plaintiff requested and was denied medical treatment from Defendants McMilliam and Brown. (Id.)

On December 27, 2016, Plaintiff repeated his requests for medical treatment to Defendants Faes, Hester, Allen, Mobley, and Fugitt for the "still bleeding" cut. (Id. at p. 3.) Defendants again refused to take him to medical. By mid-afternoon, Plaintiff alleges that while his wound had closed, there was still dried blood. (Id.) From then until January 4, 2017, Plaintiff alleges that he requested and was denied medical treatment from Defendants Hutcheson, Harvey, Howard, and Rock. Plaintiff also states that his wound became infected and required that he "reopen his cut . . . to squeeze the puss [sic] out." (Id. at p. 5.)

On January 4, 2017, Officer O'Berry and Defendant Tolmage took Plaintiff to medical for an examination. (Id. at p. 6.) During the examination, medical staff observed that Plaintiff's injury was still a little red, but not infected, and that Plaintiff would be fine. (Id.) Plaintiff claims that Defendants were deliberately indifferent to his medical needs, retaliated against him, and violated his equal protection rights by not treating him, a "Spanish inmate," as quickly as other African American inmates. (Id. at p. 8.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment

---

[1] The below recited facts are taken from Plaintiff's Amended Complaint, (doc. 12), the operative Complaint in this action, and are accepted as true, as they must be at this stage. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.   Claims for Monetary Damages Against Defendants in Their Official Capacities

Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the

[s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. The Court should **DISMISS** these claims.

## II.     Eighth Amendment Deliberate Indifference to Medical Needs Claims

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347. However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer,

5

511 U.S. at 828.  However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105).  Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference to medical care claim, a prisoner must overcome three obstacles.  The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct."  Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007).  A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Id. (quoting Hill, 40 F.3d at 1187).  As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety."  Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995).  Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."  Goebert, 510 F.3d at 1327.

Here, Plaintiff claims that his cut was bleeding for approximately 24 hours and became infected.  However, during that time, Defendants Tolmage, McMilliam, Brown, Faes, Hester, Allen, Mobley, and Fugitt refused to take Plaintiff to see medical.  Plaintiff's bleeding wound is "so obvious that even a lay person would easily recognize the need for a doctor's attention."  Goebert, 510 F.3d at 1326; see also Harris v. Coweta Cty., 21 F.3d 388, 394 (11th Cir. 1994) ("A

few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference."); Lloyd v. Van Tassell, 318 F. App'x 755, 759 (11th Cir. 2009) ("We have noted that broken bones and bleeding cuts are serious medical needs that require medical attention within hours."); cf. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1189 (11th Cir. 1994), *overruled on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002) (No serious medical need found where plaintiff failed to allege "continued bleeding that would signify an urgent or emergency situation[.]").  However, Plaintiff fails to allege facts to support a plausible claim of relief for deliberate indifference against Defendants Hutcheson, Harvey, Howard, and Rock because his wound had closed over by the time he spoke with them. Youmans v. Gagnon, 626 F.3d 557 (11th Cir. 2010) (no deliberate indifference where plaintiff's cuts did not bleed while in defendant's custody).

Accordingly, the Court should **DISMISS** Plaintiff's claims for deliberate indifference to medical needs against Defendants Hutcheson, Harvey, Howard, Rock, and Moe.[2]  However, Plaintiff's deliberate indifference to medical needs claims against Defendants Tolmage, McMilliam, Brown, Faes, Hester, Allen, Mobley, and Fugitt shall proceed.

## II. Retaliation Claims

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).  It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting

---

[2]  Plaintiff fails to make any allegations against Defendant Moe other than a conclusory statement that Defendant Moe "act[ed] with retaliation and deliverate indiferance [sic]." (Doc. 1, p. 2.)  This claim is insufficient to support a plausible claim of relief against Defendant Moe. See Twombly, 550 U.S. at 555 (Plaintiff must assert "more than labels and conclusions[.]").

7

Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (internal citation and punctuation omitted)). "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant, 637 F.3d at 1212. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Plaintiff alleges that Defendants retaliated against him by denying his requests for medical care. However, Plaintiff fails to allege any reason Defendants would have to retaliate against him. He does not allege that he filed a grievance or exercised his free speech rights in any other way prior to being denied medical care. He provides no prior actions or behaviors that would motivate Defendants to deny him medical care, much less a plausible allegation of a causal relationship between Defendants' actions and his exercise of free speech. Lacking these details, Plaintiff fails to assert "sufficient factual matter" to support a plausible claim of relief against Defendants. Iqbal, 556 U.S. at 678. Accordingly, the Court should **DISMISS** Plaintiff's retaliation claims.

### III. Equal Protection Claims

To state a valid Equal Protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis, such as race or national origin. Jones v. Ray,

279 F.3d 944, 946–47 (11th Cir. 2001) (per curiam).  Additionally, a prisoner must demonstrate that the defendants were motivated by a discriminatory intent or purpose.  See Parks v. City of Warner Robins, 43 F.3d 609, 616 (11th Cir. 1995) (requiring "proof of discriminatory intent or purpose" to show an Equal Protection Clause violation); Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring a plaintiff to demonstrate that the challenged action was motivated by an intent to discriminate in order to establish an equal protection violation).  Potential indicators of discriminatory intent include "a clear pattern of disparate impact, unexplainable on grounds other than [race or national origin]; the historical background of the challenged decision or the specific events leading up to the decision; procedural or substantive departures from the norm; and the legislative or administrative history of the challenged statute."  Parks, 43 F.3d at 617 (citation omitted).

Plaintiff alleges that because Defendants responded more quickly to two African American inmates trying to hang themselves, they violated his rights under the Equal Protection Clause.  (Doc. 12, p. 8.)  However, Plaintiff fails to plausibly allege that the two African American inmates were similarly situated to him.  The inmates attempting to hang themselves as compared to Plaintiff's "mental health problems" and "cut on his right arm" are insufficiently similar to trigger equal protection.  Additionally, Plaintiff does not allege whether these other inmates received medical treatment.  Plaintiff simply states that they were taken out of their cells within five minutes.  Finally, Plaintiff provides insufficient facts to indicate that this alleged disparate treatment was motivated by race or national origin.  Accordingly, the Court should also **DISMISS** Plaintiff's equal protection claims.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities, **DISMISS** Plaintiff's deliberate indifference claims against Defendants Hutcheson, Harvey, Howard, Rock, and Moe, and **DISMISS** Plaintiff's retaliation and equal protection claims.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**REMAINING CLAIMS AND DEFENDANT**

As stated above, Plaintiff's Complaint arguably states colorable claims against Defendants Tolmage, McMilliam, Brown, Faes, Hester, Allen, Mobley, and Fugitt for deliberate indifference to medical needs. Consequently, a copy of Plaintiff's Amended Complaint, (doc. 12), and a copy of this Order shall be served upon the aforementioned Defendants by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

**INSTRUCTIONS TO DEFENDANT**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the

11

last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery.

See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the**

**collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant.  Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Local Rule 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's

motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion.  Local Rules 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA